```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 00-6184-Civ-FERGUSON
                                    MAGISTRATE JUDGE SORRENTINO
```

HOWARD S. AULT,                 :

    Plaintiff,              :

v.                              :       REPORT OF
                                         MAGISTRATE JUDGE

DEPUTY VICKERS,                 :

    Defendant.              :

FILED by _____ D.C.
MAG. SEC.
JUL 14 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL    MIAMI

## I. Introduction

The plaintiff, Howard S. Ault, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, for damages and injunctive relief concerning events, all of which took place at the Broward County Main Jail ("BCMJ") on January 25, 2000.

The sole defendant named in the complaint is Deputy Vickers.

The plaintiff Ault alleges that at 7:30 a.m. on January 25, 2000, Sgt. Calvin came to his cell and asked if he had mopped his cell. Ault responded that he had not, and Calvin told Ault he was on lock down.

At 7:45 a.m. three officers, including Deputy Vickers, came to Ault's cell. Vickers became loud and belligerent, called Ault a "lazy child molester," and told Ault that if he did not clean his cell he and the other officers would "kick [his] ass." Other



officers came and provided Ault with cleaning materials at 8:00 a.m., and left after Ault cleaned the cell.

At 9:00 a.m., Deputy Vickers returned to inspect Ault's cell, and found two cups on the sink and torn up paper in the toilet. Vickers slapped Ault in the face and said, "I told you to have this room ready for inspection." At approximately 11:30 a.m., another deputy came to Ault's cell and delivered three disciplinary reports ("DRs") for unspecified jail rule infractions. At the time the complaint in this case was filed no disciplinary hearings had been held on the DRs. Ault alleges in the complaint, however, that "Deputy Vickers violated my well established rights to be free from cruel and unusual punishment and will cause me to be unlawfully segregated should I be found guilty on the disciplinary reports.

On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was signed into law, modifying the requirements for proceeding *in forma pauperis* in federal courts. For reasons discussed below in Section III of this report, the plaintiff's allegations fail to state a claim upon which relief may be granted, and the complaint against the defendant Vickers is therefore subject to dismissal pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1).

Under the April 26, 1996 enactments, 28 U.S.C. §1915 was amended. As amended, it reads in pertinent part, as follows:

2

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> \* \* \*
>
> (B) the action or appeal --
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted;...

On April 26, 1996, the following statute, 28 U.S.C. §1915A, which is a companion to the provisions of 28 U.S.C. §1915(e)(2)(B), was enacted:

> Sec. 1915A. Screening
> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.
> (c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

3

## II. The Standard of Review

This Court must hold the allegations of a pro se complaint to a less stringent standard than the formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519 (1972), and such a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, supra; Conley v. Gibson, 355 U.S. 41 (1957); Cannon v. Macon County, 1 F.3d 1558, 1565 (11 Cir. 1993).

Notwithstanding the liberal pleading standard of Haines v. Kerner, supra, bare, conclusory allegations are not adequate. A complaint which does not state a claim sufficient in content to affirmatively indicate that the plaintiff is entitled to relief cannot withstand a motion to dismiss. Sufficient detail must be given so that the defendant and the Court can obtain a fair idea of what the plaintiff is complaining about, and can see that there may be some legal basis for recovery. Fullman v. Graddick, 739 F.2d 553, 556-557 (11 Cir. 1984) (citations omitted). The Eleventh Circuit stated the applicable standard as follows:

> In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. (Citations omitted).

Fullman v. Graddick, supra at 557.

4

### III. Discussion

#### A. Verbal Abuse

The plaintiff alleges that he was subjected to verbal abuse and threats by the defendant Deputy Vickers.

Verbal abuse and threats alone are not actionable as a matter of law. Hopson v. Frederickson, 961 F.2d 1374, 1378 (8 Cir. 1992) (Racial slur); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9 Cir. 1987) (Vulgar language); Burton v. Livingston, 791 F.2d 97 (8 Cir. 1986) (Racial slur); McFadden v. Lucas, 713 F.2d 143, 146 (5 Cir.), cert. denied, 464 U.S. 998 (1983) (Threatening language and gestures); Gilson v. Cox, 711 F.Supp. 354, 355 (E.D. Mich. 1989) (Cursing and verbal abuse).

In this case, while the defendant Vickers' action, taken as true, may at least in part have been inappropriate behavior, and may have been offensive to the plaintiff, it does not rise to the level of a constitutional violation.

#### B. Use of Force

It is well settled that the "unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986).

5

On April 26, 1996, the Prison Litigation Reform Act [PLRA] was enacted. The PLRA significantly altered a prisoner's right to bring civil actions *in forma pauperis*, and in pertinent part places new restrictions on a prisoner's ability to seek federal redress concerning the conditions of his confinement.

Section 1997e(e) of the PLRA provides as follows.

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

With the enactment of the Prison Litigation Reform Act [PLRA] the requirements relating to injury for various kinds of inmate civil rights claims, including claims relating to use of force against inmates by corrections officials, have changed.

In the absence of any definition of "physical injury" in the PLRA, it has been left to the Courts to interpret the nature of the injury required. See Watts v. Gaston, No. 97-0114-CB-M, 1999 U.S. Dist. LEXIS 6593 (S.D.ALA. April 1, 1999).

In conducting inquiries relating to Eighth Amendment use of force claims the Courts have interpreted the language of §1997e(e) to require actual physical injury that is something more than *de*

6

*minimis* injury in order to sustain a claim for relief.[1] Gomez v. Chandler, 163 F.2d 921, 924 (5 Cir. 1999) ("to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than de minimis physical injury"); Spicer v. Collins, 9 F.Supp. 2d 673, 686-87 (E.D.Tex. 1998) (in case where the plaintiff failed to allege any physical injury when defendant officer grabbed him by arm, and alleged pain in neck, arms, and hands from handcuffing, the Court held that "In addition to establishing that force was applied maliciously and sadistically to cause harm, a plaintiff must show that he suffered some injury in order to prevail on an Eighth Amendment excessive force claim," and ruled that the force used was not the sort of force "repugnant to the conscience of mankind"); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (inmate's alleged injury at hand of prison guards was de minimis, and thus he did not raise a valid Eighth Amendment claim for excessive use of force, nor did he a prerequisite "physical injury" under the PLRA to support a claim for emotional or mental suffering). See: Luong v. Hatt, 979 F.Supp. 481, 485-6 (N.D. Texas 1997) (in case involving use of force against inmate by

---

[1] Even prior to the PLRA the absence of injuries, or evidence of only minor injuries were held by the Courts to be suggestive of *de minimis* uses of force not rising to the level of cruel and unususal punishment. See: Norman v. Taylor, 25 F.3d 1259, 1262-64 (4 Cir. 1994) (swinging keys at inmate's face which struck his thumb did not amount to cruel and unusual punishment); White v. Holmes, 21 F.3d 277, 280-81 (8 Cir. 1994) (keys swung at inmate which slashed his ear did not rise to Eighth Amendment violation); DeArmas v. Jaycox, No. 92 Civ. 6139(LMM), 1993 WL 37501, *4 (S.D.N.Y. Feb. 8, 1993) (punching inmate in arm and kicking him in leg constituted de minimus force), aff'd, 14 F.3d 591 (2 Cir. 1993); Gabai v. Jacoby, 800 F.Supp. 1149, 1154-55 (S.D.N.Y. 1992) (shoving chair at inmate causing bruise not actionable); Neil v. Miller, 778 F.Supp. 378, 384 (W.D. Mich 1991) (backhand blow to groin not actionable).

7

other inmates, the District Court interpreted §1997e(e) to require a specific physical injury, i.e., an injury which is an "observable or diagnosable medical condition requiring treatment by a medical care professional," in order to assert a claim for which relief could be granted for a claim of this kind).

The Court in Luong defined "*de minimis*" injuries to include injuries such as "scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek medical professional care," which may last "even up to two or three weeks," and which can be treated by "home remedy care," with "over-the-counter drugs, heating pads, rest, etc., and the Court held that such injuries are excluded from constitutional recognition under §1997e(e). Luong, supra, 979 F.Supp. at 485-6.

It is clear from the plaintiff's allegations that the events of January 25, 2000, stemmed from his failure to clean his cell for inspection despite instructions from Deputy Vickers to do so.

As alleged by the plaintiff, the amount of force used by the defendant upon the plaintiff's admitted refusal to follow a verbal order, was simply to slap him. There is no allegation or suggestion of record that this incident, which took place on January 25, 2000, resulted in any physical injury to the plaintiff.

Based on Ault's allegations it is apparent that the force applied by Deputy Vickers was *de minimis*, and resulted in no significant physical injury to the plaintiff. It appears under the circumstances alleged, that the force used, which was minimal, was applied by Vickers to maintain order and discipline.

The allegations concerning the use of force by the defendant Vickers against the plaintiff on January 25, 2000, therefore fail to state a constitutional claim.

### C. Disciplinary Reports

The plaintiff Ault alleges that as a result of the events described above he was issued three DRs. Ault presumably was placed in administrative confinement pending resolution of the disciplinary charges, but no hearings had been held as of the filing of the complaint, and the record does not indicate the outcome of the administrative proceedings held as a result issuance of the DRs. Moreover, Ault has not disclosed the nature of the charges lodged in the DRs, and has included no facts concerning his confinement after the DRs were lodged against him. Under the circumstances Ault's allegations fail to state a claim against Vickers, for denial of due process in connection with the issuance of the jail disciplinary reports.

9

There is no allegation or suggestion that the jail disciplinary reports which the plaintiff alleges were wrongfully lodged against him resulted in a prolongation of his incarceration.[2]

Under circumstances that he did not forfeit gain time as part of any sentences imposed on the prison disciplinary charges, the plaintiff's claims for damages are subject to analysis under and are foreclosed by the landmark Supreme Court case of Sandin v. Conner, 515 U.S. 472 (1995).[3] This is because there is no suggestion, based on the facts in the complaint, that the conditions or any loss of privileges the plaintiff Ault may have faced during administrative and/or disciplinary confinement as a

---

[2] If the plaintiff was not a pretrial detainee at the time of the issuance of the disciplinary reports, and instead was convicted and serving a sentence while incarcerated at the BCMJ, and if he forfeited gain time as a result of findings of guilt at hearings held on the allegedly false disciplinary reports, his claims would be foreclosed under foreclosed by the landmark Supreme Court decision in the case of Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny, and by the Supreme Court's May 19, 1997 decision in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997).

In Heck, the Supreme Court held that if a judgment in favor of a state prisoner seeking damages in a §1983 suit would necessarily imply the invalidity of his or her conviction or sentence, the claim for damages is not cognizable under §1983 and the complaint must be dismissed, because the claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Although the Heck decision did not concern a disciplinary proceeding, its holding was subsequently extended to inmates' attacks on prison disciplinary proceedings, where the inmate's claim for damages is based upon an institutional administrative ruling which resulted in the loss of credits against the inmate's sentence, thereby having the effect of lengthening the sentence. See: Edwards v. Balisok, supra; Sheldon v. Hundley, 83 F.3d 231 (8 Cir. 1996); Black v. Coughlin, 76 F.3d 72 (2 Cir. 1996); Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7 Cir. 1996).

[3] Following Sandin, only two instances exist where an inmate can claim a protected liberty interest under the due process clause: 1) under certain circumstances in which the prison's actions have the effect of altering his term of imprisonment; and 2) where the prison's restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, supra at 484; Knecht v. Collins, 903 F.Supp. 1193, 1198 (S.D. Ohio 1995).

10

direct result of the disciplinary reports that did not result loss of gain time, constituted "an atypical and significant hardship" on him "in relation to the ordinary incidents of prison life," Sandin v. Conner, supra at 484; Knecht v. Collins, supra at 1198.[4]

The due process claims relating to the disciplinary reports lodged against the plaintiff are therefore subject to dismissal.

IV. Conclusion

It is therefore recommended that: 1) the complaint against the defendant Vickers be dismissed, as to all claims, pursuant to 28

---

[4] Hardships which Ault may have faced while in administrative confinement and/or disciplinary confinement, which are typical of such confinement, e.g., temporary limitations on visitation, commissary, telephone, and recreation privileges, etc., are clearly a de minimis level of restriction with which the Constitution is not concerned. Especially when the period of confinement was not lengthy. See: Ingraham v. Wright, 430 U.S. 651, 674 (1977); Bell v. Wolfish, 441 U.S. 520, 539 n. 21 (1979). The Courts post-Sandin have held that relatively short periods of confinement, with attendant losses of privileges or restrictions on privileges, including visitation, commissary, and recreation privileges, fall within the expected parameters of imprisonment, and do not impose an atypical hardship in relation to the ordinary incidents of prison life. See: Wallace v. Conroy, 945 F.Supp. 628, 635-36 (S.D.N.Y. 1996) (citing Webb v. Artuz, No. 93 Civ. 5985 (DLC), 1996 WL 452260, at *4 (S.D.N.Y. Aug. 8, 1996) (forty-five days in segregated confinement with loss of telephone, package and commissary privileges did not impose an atypical and significant hardship); Louis v. Coughlin, No. 92 Civ. 219C, 1996 WL 486806, at *6 (W.D.N.Y. Aug. 5, 1996) (thirty-three days in segregated confinement with restricted visitation, telephone, shower, commissary, and library privileges did not impose an atypical and significant hardship). Even a more lengthy period of disciplinary confinement, with attendant loss of privileges has been held to not rise to a constitutional level. See: Wallace, supra at 636 [citing Nogueras v. Coughlin, No. 94 Civ. 4094 (JSM), 1996 WL 487951, at *5 (S.D.N.Y. Aug. 27, 1996) (two-hundred ten days in disciplinary confinement with loss of telephone, package and commissary privileges did not impose an atypical and significant hardship) ].

U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(i), for failure to state a claim upon which relief may be granted; and 2) the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: July 14, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Howard Steven Ault, Pro Se
     #54961285
     Broward County Main Jail
     555 S.E. 1st Avenue
     Ft. Lauderdale, FL 33310